WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob A. Cruz,<br><br>        Plaintiff,<br><br>v.<br><br>Atlee A. Cockrell, et al.,<br><br>        Defendants.<br>Atlee A. Cockrell,<br><br>        Counterclaimant,<br><br>v.<br><br>Jacob A. Cruz, et al.,<br><br>        Counterdefendants. | No. CV-16-01283-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants'/Counterclaimant's Motion for Summary Judgment on their Counterclaim. (Doc. 59). For the reasons stated below, the Court denies the motion.

**BACKGROUND**

Plaintiff Jacob Cruz and Defendant Atlee Alan Cockrell first met in 2011 as hitting coaches for the Arizona Diamondbacks. Prior to their meeting, both claim to have developed an idea for a baseball training device where a player attaches a "Chuckit Cup" (a plastic toy used to pick up and fling balls for a pet dog) to the barrel of a baseball bat. In September 2013, Mr. Cruz and Mr. Cockrell entered an oral agreement to develop and

sell the hitting cup device, and they formed a "joint partnership . . . as two dudes with a passion for hitting and with an invention to simplify the art of hitting." (Doc. 60, Exh. 9, p. 255). Although both parties make different claims concerning the details of their oral agreement, Mr. Cruz alleges that the contract required him to develop the device into a marketable product, and it required Mr. Cockrell to file a patent request, draft a business agreement, and market the product. The two agreed to evenly split all proceeds. As part of their agreement, Mr. Cruz alleges that he admonished Mr. Cockrell to not represent the hitting device as Mr. Cockrell's idea.

On January 6, 2014, Mr. Cockrell filed a patent application for the hitting device and listed himself as a joint inventor with Mr. Cruz. In May 2014, Mr. Cockrell proposed to add his wife, Polly Cockrell, as a third partner, and although Mr. Cruz initially objected, he eventually agreed that Mrs. Cockrell should focus on accounting for the partnership. In August 2014, the hitting cup device, now named the Line Drive Pro Trainer, was ready for production, and Mr. Cruz ordered 5,000 hitting cups from the manufacturer. During this same time period, and without informing Mr. Cruz, Mr. Cockrell formed his own company and Mrs. Cockrell formed her own company. Without notifying Mr. Cruz, Mr. Cockrell placed an order for 2,500 Line Drive Pro Trainers to be sent to his own company and billed to his wife's company. The manufacturer refused and notified Mr. Cruz of the request. Soon thereafter, Mr. Cruz filed a request to remove Mr. Cockrell as a co-inventor, and the U.S. Patent Office eventually granted a design patent for the Line Drive Pro Trainer to Mr. Cruz. On February 15, 2015, Mr. Cruz sent Mr. Cockrell a letter intending to terminate their business agreement, and Mr. Cruz did not distribute any profits from sales of the Line Drive Pro Trainer.

Mr. Cruz filed a lawsuit alleging breach of contract, fraud, tortious interference with a business relation, and other related claims. (Docs. 1, 29). In his answer to the complaint, Mr. Cockrell filed a counterclaim alleging breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and tortious interference. (Doc. 30). Mr. Cockrell filed the present motion for summary judgment for

his counterclaims. He specifically requests summary judgment concerning six different issues:

(1) Whether Mr. Cruz and Mr. Cockrell formed a partnership to develop, market, and sell the baseball hitting cup device;

(2) Whether the partnership still owns the Line Drive Pro Trainer after the purported termination of the partnership;

(3) Whether Mr. Cruz breached his fiduciary duty in the partnership by failing to pay Mr. Cockrell a portion of earnings from the sale of Line Drive Pro Trainer;

(4) Whether Mr. Cruz breached oral and written contracts relating to the baseball hitting cup device;

(5) Whether Mr. Cruz breached his duty to deal in good faith;

(6) Whether Mr. Cruz tortuously interfered with Mr. Cockrell's business expectancies.

**DISCUSSION**

**I.  Legal Standard**

The Court grants summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court views the evidence "in a light most favorable to the non-moving party." *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). Substantive law determines which facts are

material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248).

**II.    Partnership Claims**

In Arizona, a partnership is formed when two or more persons agree to carry on a business for profit as co-owners. Ariz. Rev. Stat. § 29-1012(A). Property belongs to the partnership if acquired in the name of the partnership, and property is presumed to be partnership property if it is purchased with partnership assets, even if it is not acquired in the name of the partnership. Ariz. Rev. Stat. § 29-1014. Property acquired in the name of a partner is presumed to be separate property when the title does not reference the partnership and partnership assets were not used to purchase the property. *Id.* Individual partners do not own property that the partnership acquires. Ariz. Rev. Stat. § 29-1013.

Although Mr. Cruz and Mr. Cockrell at least intended to form a partnership, and both thought they had done so, they now dispute the terms of the partnership, the ownership of the Line Drive Pro Trainer, and whether Mr. Cruz and/or Mr. Cockrell violated his fiduciary duties. Mr. Cockrell claims that the scope of the partnership included ownership of the Line Drive Pro Trainer. As support for his argument, he refers to the role that he played in developing the final product, the multiple statements where Mr. Cruz refers to the device as "our product", and the funds that he and his wife provided to pay for part of the manufacture. (Doc. 59 at 7). Mr. Cruz, however, maintains that he explicitly specified that the product would remain his invention, that the role of the partnership was limited only to bring Mr. Cruz's idea to market, and that the purpose of the partnership did not include ownership of the invention. (Doc. 63, Exh. 1 at 2). Additionally, as support for this claim that Mr. Cruz alone owns the intellectual property for the Line Drive Pro Trainer, he shows that the United States Patent Office

- 4 -

issued a design patent to Mr. Cruz for the Line Drive Pro Trainer, and not to Mr. Cockrell or the partnership. (Doc. 63. Exh. 1 at 4).

No evidence conclusively establishes the details of either party's version of the partnership agreement over the other's. Because partnership property "is presumed to be separate property when the title does not reference the partnership[,]" Ariz. Rev. Stat. § 29-1014, a reasonable jury could find that the partnership does not own the final product.

Similar to a contract, "[t]he terms of [an] oral partnership agreement are determined by the parties' intent as indicated by their conduct and statements." *Rhue v. Dawson*, 173 Ariz. 220, 227 (App. Ct. 1992) (citations omitted). Wrongful conduct or material breach of the partnership agreement may dissolve the partnership. *Id.* at 228; *see also* Ariz. Rev. Stat. § 29-1014. Concerning Mr. Cruz's duties to the partnership, as discussed in section III, *infra*, Mr. Cruz has identified various facts that suggest that Mr. Cockrell breached the partnership agreement. Mr. Cockrell presents no legal authority to suggest that a partner who breaches the partnership agreement is still entitled to his share of partnership profits.

Mr. Cockrell bears the burden at trial to prove the issues in his counterclaim, and as the movant of the present motion, he bears the burden to inform the district court of the basis for his motion and identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. at 323. Although Mr. Cockrell points to various facts to support his argument that the partnership owes him fifty percent of its proceeds, he has failed to show that the undisputed facts are a sufficient basis for summary judgment under Arizona partnership law. Therefore, the Court denies Mr. Cockrell's motion for summary judgment concerning the scope of the partnership, whether the partnership owns Line Drive Pro Trainer, and whether Mr. Cruz breached his fiduciary duties.

**III. Contractual Claims**

To succeed on a claim for breach of contract, the party requesting relief "has the burden of proving the existence of the contract, its breach and the resulting damages."

*Graham v. Asbury*, 112 Ariz. 184, 185 (1975). In Arizona, "[a] contract is 'a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.'" *Johnson v. Earnhardt's Gilbert Dodge*, 212 Ariz. 381, 384 (2006) (quoting Restatement (Second) of Contracts § 17(1) (1981)). If one party breaches the contract, the party not at fault may either rescind the contract, refuse to recognize the breach and compel performance, or treat the breach as terminating the contract and sue for damages. *Weatherford v. Adams*, 31 Ariz. 187, 195–96 (1926). The victim of material breach is excused from further performance under the contract. *Zancanaro v. Cross*, 85 Ariz. 394, 400 (1959).

The undisputed facts show that Mr. Cruz and Mr. Cockrell arrived at an agreement that shared at least some common objectives. Mr. Cockrell points to Mr. Cruz's deposition testimony and subsequent text messages to show that the two agreed to jointly sell the hitting cup device and evenly split any profits. (Doc. 60 ¶¶ 9–11; Doc. 63 ¶23). And, Mr. Cruz and Mr. Cockrell demonstrated their contract by working together to develop and market the hitting cup product. (Doc. 63, Exhs. 2, 5). However, notwithstanding their contract, Mr. Cruz adequately sets forth facts that suggest that Mr. Cockrell breached their agreement, and this breach may have excused Mr. Cruz's performance. Unbeknownst to Mr. Cruz, Mr. Cockrell and his wife each formed their own separate limited liability companies, and without notifying Mr. Cruz, Mr. Cockrell ordered 2,500 Line Drive Pro Trainers from the manufacturer to be shipped to Mr. Cockrell's company and billed to his wife's company. (Doc. 63 ¶¶ 41–42). Mr. Cruz also states that their contract included the agreement that Mr. Cruz would own the patent to the hitting device, and Mr. Cockrell violated their oral agreement when he listed himself as the first inventor in their patent application. (Doc. 63 ¶¶ 24–26).

Viewing the contractual issues in a light most favorable to Mr. Cruz, Mr. Cockrell breached the oral agreement. The question of whether Mr. Cockrell's actions constitute material breach that subsequently excused Mr. Cruz's further performance is a legitimate question for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at

586–87. Therefore, the Court denies Mr. Cockrell's motion for summary judgment concerning breach of contract, Mr. Cruz's duty to deal in good faith, and Mr. Cruz's tortious interference with business expectancies.

## CONCLUSION

As described above, Mr. Cruz has sufficiently identified material questions of fact to defeat Defendants'/Counter-Claimant's Motion for Summary Judgment.

**IT IS HEREBY ORDERED** that Defendants'/Counter-Claimant's Motion for Summary Judgment (Doc. 59) is denied.

Dated this 19th day of January, 2018.

_____
Honorable G. Murray Snow
United States District Judge